**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GEORGE R. DOWLER, #283-884, <br>　　　　Plaintiff, | * <br> * |
| v. | CIVIL ACTION NO. RWT-05-2852 <br> * |
| MARY ANN SAAR, et al., <br>　　　　Defendants. | * |

\*\*\*\*\*\*

### MEMORANDUM OPINION

On October 18, 2005, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking compensatory damages and declaratory relief. Counsel for Defendants has filed a dispositive motion (Paper No. 12) which shall be treated as a Motion for Summary Judgment. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

#### 1. Factual Background

Plaintiff claims that his rights to due process and equal protection were violated when Defendants required him to send his personal property out of the facility or risk its destruction. (Paper No. 1). He claims that he was previously permitted to possess the items of personal property and that Warden Green forced him to send the property out of the institution at his expense. (Id.) Plaintiff states that he did not file an Administrative Remedy Procedure. (Id.)

The uncontroverted records reveal that on September 12, 2005, the Division of Correction revised Division of Correction Directive (DCD) #220-004, titled "Inmate Personal Property", in

---

[1] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on January 31, 2006, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 13). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (Id.)

preparation for the division-wide conversion to inmate uniforms. (Paper No. 12, Ex. 1). Warden Green distributed a memorandum to the population at ECI on October 21, 2005, detailing the procedure to be utilized to accomplish the conversion to inmate uniforms. (Id., Ex. 2). Inmates were advised that they would be permitted to mail out one box of non-allowable property at the institution's expense and that additional visiting days would be added so that non-allowable property could be picked up at the institution. Warden Green sent several other memoranda to inmates and staff detailing the procedure for conversion to uniforms. (Id., Ex. 2-5).

### 2. Standard of review

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. See Halperin v. Abacus Tech. Corp.,128 F.3d 191, 196 (4th Cir. 1997) (citing Anderson, 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson, 477 U.S. at 248; Allstate Fin. Corp. v. Financorp, Inc., 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. Anderson, 477 U.S. at 252.

**A.**   **Due Process**

In the case of personal property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U. S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U. S. 327 (1986). Maryland's Tort Claims Act and Inmate Grievance Office provide such a remedy. See Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982).

**B.     Equal Protection**

While the equal protection principles embodied in the Due Process Clause of the Fifth Amendment essentially direct "that all persons similarly situated should be treated alike," Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985), where, as here, no suspect class or fundamental right is implicated, the government may avoid violating equal protection principles if it can demonstrate that its reasons for treating an individual differently bear some rational relationship to a legitimate state purpose.  See Schweiker v. Wilson, 450 U.S. 221, 230 (1981); Moss v. Clark, 886 F. 2d 686, 690 (4th Cir. 1989). Plaintiff has failed to allege, much less demonstrate, that he is being treated differently than any other state inmate.  As such, his equal protection claim fails.

### 3. Conclusion

Given the foregoing, Defendants are entitled to summary judgment in this case.  A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: 2/28/06                                                    /s/
                                                  ROGER W. TITUS
                                       UNITED STATES DISTRICT JUDGE